IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JOHN L. FORD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 1:09cv1047-WC |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

**I.     INTRODUCTION**

Plaintiff John L. Ford applied for disability insurance benefits under Title II of the Social Security Act ("the Act"), 42 U.S.C. §§ 401 *et seq.* His application was denied at the initial administrative level. Plaintiff then requested and received a hearing before an Administrative Law Judge (ALJ). Following the hearing, the ALJ issued a decision in which he found Plaintiff not disabled from the alleged onset date of April 1, 2002, through the date of the decision. Tr. 18. The Appeals Council rejected Plaintiff's request for review of the ALJ's decision. The ALJ's decision consequently became the final decision of the Commissioner of Social Security (Commissioner).[1] *See Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). The case is now before the Court for review under 42 U.S.C. § 405(g). Pursuant to 28 U.S.C. § 636(c), both parties have consented to the conduct of all proceedings

---

[1] Pursuant to the Social Security Independence and Program Improvements Act of 1994, Pub. L. No. 103-296, 108 Stat. 1464, the functions of the Secretary of Health and Human Services with respect to Social Security matters were transferred to the Commissioner of Social Security.

and entry of a final judgment by the undersigned United States Magistrate Judge. Pl.'s Consent to Jurisdiction (Doc. #10); Def.'s Consent to Jurisdiction (Doc. #11). Based on the Court's review of the record and the briefs of the parties, the Court REVERSES the decision of the Commissioner.

## II.   STANDARD OF REVIEW

Under 42 U.S.C. § 423(d)(1)(A), a person is entitled to disability benefits when the person is unable to

> engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

42 U.S.C. § 423(d)(1)(A).[2]

To make this determination, the Commissioner employs a five-step, sequential evaluation process. *See* 20 C.F.R. §§ 404.1520, 416.920 (2006).

> (1) Is the person presently unemployed?
> (2) Is the person's impairment severe?
> (3) Does the person's impairment meet or equal one of the specific impairments set forth in 20 C.F.R. Pt. 404, Subpt. P, App. 1? [the Listing of Impairments]
> (4) Is the person unable to perform his or her former occupation?
> (5) Is the person unable to perform any other work within the economy?
>
> An affirmative answer to any of the above questions leads either to the next question, or, on steps three and five, to a finding of disability. A negative answer to any question, other than step three, leads to a determination of "not

---

[2]   A "physical or mental impairment" is one resulting from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.

disabled."

*McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986).[3]

The burden of proof rests on a claimant through Step 4. *See Phillips v. Barnhart*, 357 F.3d 1232, 1237-39 (11th Cir. 2004). A claimant establishes a *prima facie* case of qualifying disability once they have carried the burden of proof from Step 1 through Step 4. At Step 5, the burden shifts to the Commissioner, who must then show there are a significant number of jobs in the national economy the claimant can perform. *Id*.

To perform the fourth and fifth steps, the ALJ must determine the claimant's Residual Functional Capacity (RFC). *Id*. at 1238-39. RFC is what the claimant is still able to do despite his impairments and is based on all relevant medical and other evidence. *Id*. It also can contain both exertional and nonexertional limitations. *Id*. at 1242-43. At the fifth step, the ALJ considers the claimant's RFC, age, education, and work experience to determine if there are jobs available in the national economy the claimant can perform. *Id*. at 1239. To do this, the ALJ can either use the Medical Vocational Guidelines[4] (grids) or call a vocational expert (VE). *Id*. at 1239-40.

The grids allow the ALJ to consider factors such as age, confinement to sedentary or light work, inability to speak English, educational deficiencies, and lack of job experience.

---

[3] *McDaniel v. Bowen*, 800 F.2d 1026 (11th Cir. 1986), is a supplemental security income case (SSI). The same sequence applies to disability insurance benefits. Cases arising under Title II are appropriately cited as authority in Title XVI cases. *See, e.g., Ware v. Schweiker*, 651 F.2d 408 (5th Cir. 1981).

[4] *See* 20 C.F.R. pt. 404 subpt. P, app. 2.

Each factor can independently limit the number of jobs realistically available to an individual. *Phillips*, 357 F.3d at 1240. Combinations of these factors yield a statutorily-required finding of "Disabled" or "Not Disabled." *Id*.

The Court's review of the Commissioner's decision is a limited one. This Court must find the Commissioner's decision conclusive if it is supported by substantial evidence. 42 U.S.C. § 405(g); *Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997). "Substantial evidence is more than a scintilla, but less than a preponderance. It is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). *See also Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004) ("Even if the evidence preponderates against the Commissioner's findings, [a reviewing court] must affirm if the decision reached is supported by substantial evidence."). A reviewing court may not look only to those parts of the record which support the decision of the ALJ, but instead must view the record in its entirety and take account of evidence which detracts from the evidence relied on by the ALJ. *Hillsman v. Bowen*, 804 F.2d 1179 (11th Cir. 1986).

> [The court must] . . . scrutinize the record in its entirety to determine the reasonableness of the [Commissioner's] . . . factual findings. . . . No similar presumption of validity attaches to the [Commissioner's] . . . legal conclusions, including determination of the proper standards to be applied in evaluating claims.

*Walker v. Bowen*, 826 F.2d 996, 999 (11th Cir. 1987).

## III.   ADMINISTRATIVE PROCEEDINGS

Plaintiff was forty-seven years old at the time of the hearing before the ALJ.  Tr. 24. Plaintiff has a twelfth-grade education.  Tr. 24.[5]  Plaintiff's past relevant work experience was as a furniture mover and a "material handler."  Tr. 17, 25, 39.  Following the administrative hearing, and employing the five-step process, the ALJ found Plaintiff had not engaged in substantial gainful activity since the alleged onset date of April 1, 2002 (Step 1). Tr. 11.  At Step 2, the ALJ found that Plaintiff suffers from the following severe impairments: "degenerative disc disease and osteoarthritis of the lumbar spine."  Tr. 11.  The ALJ then found that "[t]he claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments . . . ."  (Step 3) Tr. 11.  Next, the ALJ articulated Plaintiff's RFC as follows: "the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except ."  Tr. 11.[6]  The ALJ then found that Plaintiff is unable to perform his past relevant work.  (Step 4) Tr. 17.  Next, the ALJ found that, given Plaintiff's age, education, work experience, and RFC, and after consulting with a vocational expert, "there are jobs that exist in significant numbers in the national economy that Plaintiff can perform."  (Step 5) Tr. 17.  The ALJ

---

[5]   The ALJ found that Plaintiff's education included "one year of college."  Tr. 17. However, Plaintiff testified at the hearing that he did not attend "college of any type."  Tr. 24.

[6]   As will be discussed more fully below, the ALJ failed to articulate precisely what limitations preclude Plaintiff's ability to perform the full range of light work, despite his clear indication that such limitations exist in stating Plaintiff's RFC and later in his opinion.  *See* Tr. 11; *see also* Tr. 17 ("However, the claimant's ability to perform all or substantially all of the requirements of this level of work has been impeded by additional limitations.").

found that such occupations include: "production assembler," "poultry work," "garment bagger," and, at the sedentary level, "surveillance monitor." Tr. 18, 40. Accordingly, the ALJ determined that Plaintiff "has not been under a disability . . . from April 1, 2002, through the date of this decision." Tr. 18.

## IV.   PLAINTIFF'S CLAIMS

Plaintiff states two issues for this Court's review of the ALJ's decision: (1) whether reversal is required because the ALJ's "finding of [Plaintiff's] residual functional capacity is ambiguous[;]" and (2) "[w]hether the ALJ erred by failing to properly apply the pain standard." Pl.'s Brief (Doc. #16) at 1.

## V.   DISCUSSION

### A.   The ALJ's articulation of Plaintiff's RFC.

Plaintiff claims remand to the ALJ is necessary because, given the ALJ's incomplete articulation of Plaintiff's RFC, the "ALJ's finding of [Plaintiff's] RFC is ambiguous." Pl.'s Brief (Doc. #16) at 8. He claims that "the lack of clear and specific findings renders it difficult for Mr. Ford, his family, his attorneys, or a reviewing court to know and understand, with a reasonable certainty, the reasons for the denial." *Id.* at 9. Defendant concedes that the ALJ "made an incomplete finding regarding Plaintiff's residual functional capacity since he did not state Plaintiff's additional limitations." Def.'s Brief (Doc. #17) at 6. However, Defendant asserts, it is clear that the ALJ "intended to state additional limitations," including that "Plaintiff needed to alternate sitting, standing, and walking[,]" and "was precluded from

repetitive bending or lifting, and prolonged bending and twisting." Def.'s Brief (Doc. #17) at 6-7. Thus, Defendant concludes, the ALJ's "omission is an obvious scrivener's error[,]" and should not compel remand in this case.

Defendant derives the limitations which he asserts the ALJ intended to state from the ALJ's express assignment of "significant evidentiary weight to the opinion of Dr. Maddux [sic]," *see* Tr. 16, whom, on June 3, 2003, opined that Plaintiff was "qualified for light-medium duty which would allow him to alternate sit, stand and walk," Tr. 327, and on April 22, 2004, again opined that Plaintiff has "the capability for medium level work for an eight hour day" but "will not be a candidate for repetitive bending or prolonged bending or twisting or lifting repetitively." Tr. 325. Defendant also relies upon the ALJ's statement that he "assigns significant weight to the opinion of Douglas Miller, vocational expert, who opined that claimant can perform light and sedentary unskilled jobs." Tr. 16.

There is a tidy yet ultimately superficial symmetry to Defendant's argument. While it is apparent that Dr. Maddox previously articulated limitations to Plaintiff's ability to do medium work, it is not entirely clear whether the ALJ adopted all such limitations in his finding that Plaintiff may do light work. Importantly, when the ALJ queried the vocational expert about the additional exertional limitations on Plaintiff's ability to perform light or sedentary work, the ALJ referenced a report which limited Plaintiff to occasional "Work bent over-standing/stooping." Tr. 40. This report makes no mention of Plaintiff's need, if any, to alternate sitting and standing. *See* Tr. 195-97. Moreover, while Plaintiff's attorney

7

questioned the vocational expert about whether the sedentary-level occupation "security guard type job" allows for "alternating sit/stand and walk," Tr. 42-43, the vocational expert gave no testimony about whether the light exertional level occupations which he discussed allowed for such exertional limitations. Hence, it appears that the only occupation about which the vocational expert gave testimony embracing all of the exertional limitations which Defendants assert the ALJ intended to find is the sedentary level representative position of surveillance monitor. Because the ALJ found Plaintiff capable of light-level work impeded by some unknown number of exertional limitations, the ambiguity existing between the ALJ's findings, the questioning and testimony at the hearing, and Defendant's assertions about what the ALJ intended impedes this Court's ability to review the ALJ's findings.

Given these circumstances, it is clear that the ALJ's findings respecting Plaintiff's RFC are too vague or incomplete for this Court to adequately review the ALJ's decision. While Defendant attempts to minimize the significance of what he perceives as a mere "scrivener's error," as discussed above, the Commissioner's supposition about what the ALJ intended to articulate does not square entirely with the ALJ's questioning of the vocational expert and his implicit findings in according weight to various pieces of medical evidence. Because the ALJ's articulation of a claimant's RFC is so fundamental to the disability determination process, it is paramount that this aspect of the ALJ's findings, perhaps more so than any other, be clear, concise, and unambiguous. Thus, Defendant's invitation that the Court should fill in the blanks left by the ALJ simply places the Court in an untenable

position in its efforts to conduct "meaningful . . . review of the ALJ's conclusion as to the level of work which [Plaintiff] could perform . . . ." *Maffia v. Comm'r of Soc. Sec.*, 291 F. App'x 261, 265 (11th Cir. 2008). *See also Miller v. Astrue*, 2009 WL 1664076 at *4-*5 (M.D. Ala. June 15, 2009).[7] Accordingly, the Court finds that remand is necessary in this case so that the ALJ may clarify his RFC determination.

## VI. CONCLUSION

The Court has carefully and independently reviewed the record and concludes that, for the reasons given above, the decision of the Commissioner is REVERSED and REMANDED. A separate judgment will issue.

DONE this 15th day of November, 2010.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE

---

[7] In *Miller*, the undersigned was confronted with a case where "the ALJ's decision expressly state[d] that 'the claimant's ability to perform all or substantially all of the requirements of [medium work] has been impeded by additional limitations,' but d[id] not go on to say what those limitations are and how they are included in the RFC." 2009 WL 1664076 at *4. Ultimately the undersigned rejected the Commissioner's arguments that the ALJ's errors in rendering the plaintiff's RFC were mere "typographical errors," and held that "[o]verall, the Court would be required to engage in imprudent amounts of speculation to review the ALJ's decision in this case. Therefore, this case should be remanded to allow the ALJ to clarify his RFC determination, so that this Court can give it meaningful review." *Id.* at *5. Given the circumstances of this case, the undersigned sees no reason to depart from this logic in this case.