IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JOHN L. FORD,           ) | |
|                         ) | |
|     Plaintiff,          ) | |
|                         ) | |
| v.                      ) | CIVIL ACTION NO. 1:09cv1047-WC |
|                         ) | |
| MICHAEL J. ASTRUE,      ) | |
| Commissioner of Social Security, ) | |
|                         ) | |
|     Defendant.          ) | |

# ORDER

Before the Court is Plaintiff's Motion For Attorney Fees (Doc. #21). Plaintiff seeks an award of attorney fees, expenses, and costs under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412, in the total amount of $5,663.07. Pursuant to the Assignment of EAJA Attorney's Fees executed by Plaintiff, a copy of which has been provided the Court, Plaintiff requests that these fees be awarded directly to counsel. Defendant contends that his position in this matter was "substantially justified," and that, therefore, the motion should be denied. Defendant also claims that, should attorney's fees be awarded, such award should be payable to Plaintiff rather than Plaintiff's counsel.

"Under EAJA, a party prevailing against the United States in court, including a successful Social Security benefits claimant, may be awarded fees payable by the United States if the Government's position in the litigation was not 'substantially justified.'" *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002) (quoting 28 U.S.C. § 2412(d)(1)(A)). Upon motion by an eligible "prevailing party," the court "shall award" the requested fees "unless

the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." § 2412(d)(1)(A). "The government's position is substantially justified under the EAJA when it is justified to a degree that would satisfy a reasonable person - i.e. when it has a reasonable basis in both law and fact. The government bears the burden of showing that its position was substantially justified." *United States v. Jones*, 125 F.3d 1418, 1425 (11th Cir. 1997) (internal quotations and citations omitted). Importantly, "EAJA fees are not available every time a claimant prevails - only when the Commissioner's position lacks 'a reasonable basis in law and fact.'" *Bergen v. Comm'r of Soc. Sec.*, 454 F.3d 1273, 1277 (11th Cir. 2006) (quoting *Pierce v. Underwood*, 487 U.S. 552, 566 n.2 (1988)).

This matter was remanded to the Commissioner, and hence Plaintiff was made a "prevailing party," upon entry of the Court's Memorandum Opinion and Order (Doc. #19) and Judgment (Doc. #20). The Court ordered reversal and remand because of the Court's finding that the ALJ's incomplete articulation of Plaintiff's RFC prevented this Court from adequately reviewing the ALJ's decision. *See* Memorandum Opinion and Order (Doc. #19) at 6-9. Specifically, the ALJ found that Plaintiff had "the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except ." Tr. 11. Nowhere in the opinion did the ALJ explicitly render his findings about what limitations impede Plaintiff's ability to perform light work. While the ALJ indicated that he relied on certain medical source opinions in determining Plaintiff's RFC, it was not clear from the record, given the ALJ's questioning of witnesses at the hearing, whether the ALJ adopted all such limitations

in determining Plaintiff's RFC. Defendant conceded that the ALJ erred, but, relying upon the limitations articulated in reports cited by the ALJ, asserted that the ALJ's error was merely a "scrivener's error." Nevertheless, the Court ordered remand because it was simply unable to review the ALJ's decision without a complete RFC determination.

Defendant bears the burden of proving that his position was "substantially justified." Defendant "does not dispute the Court's conclusion that the ALJ erred by failing to make complete residual functional findings," but contends "the Commissioner's position that the ALJ intended to adopt Dr. Maddox's June 3, 2003 opinion was arguably supported by the administrative record." Def.'s Response (Doc. #26) at 3. However, whether or not the ALJ intended to adopt the referenced opinion is not at issue. Rather, as this Court made clear, the ALJ's failure to fully and unambiguously articulate Plaintiff's RFC rendered meaningful review of his decision impossible. This is especially so where the ALJ's questioning of the vocational expert revealed some ambiguity about the precise limitations the ALJ intended to find with respect to Plaintiff's ability to do light work. As the Court noted in the Memorandum Opinion and Order, the limitations about which the ALJ queried the expert were not identical to those in Dr. Maddox's report. Thus, it did not appear that the expert gave any testimony about whether the limitation articulated by Dr. Maddox - Plaintiff's need for alternate sitting and standing - affected Plaintiff's ability to perform any of the light-work occupations which the expert testified Plaintiff could perform.

The Court concedes that the source of error in this case was likely mere oversight by the ALJ. However, mere oversight which results in the ALJ's abject failure to perform the

3

most basic function of his duties cannot be explained away or treated as innocuous. The ALJ's error in this case was obvious and precluded this Court from reviewing his decision.[1] Thus, to the extent Defendant's position in this litigation has been to defend the ALJ's error and invite the Court to supply the findings purportedly intended by the ALJ, despite clear ambiguities in the record, such position is not "substantially justified." Accordingly, Plaintiff is entitled to an award of attorney's fees under the EAJA.

Defendant also contends that, in light of recent Supreme Court authority, *see Astrue v. Ratliff*, 130 S.Ct. 2521 (2010), any award of attorney's fees should be made payable to Plaintiff rather than his counsel, notwithstanding any assignment Plaintiff may have executed. Defendant further maintains that, "[i]f this Court awards fees under the EAJA, the government will evaluate the propriety of directing payment to the attorney pursuant to an assignment." Response (Doc. #26) at 4. While *Ratliff* generally confirms that attorney's fee awards under the EAJA are payable to the "prevailing party" - the litigant - and are thus subject to offset any debt owed by such litigant to the United States, *see id.* at 2524, the opinion does not explicitly reject the practice of awarding fees to attorneys where the litigant has assigned the right to receive such fees directly. Indeed, the opinion recognizes that this practice continues "in cases where the plaintiff does not owe a debt to the government and assigns the right to receive the fees to the attorney." *Id.* at 2529 (internal quotations omitted).

This Court has traditionally, even after *Ratliff*, made awards of EAJA attorney's fees

---

[1] Indeed, the ALJ's error is so obvious that even a cursory review of the decision would have revealed the incomplete, fragmentary nature of the ALJ's RFC finding.

payable to counsel when counsel presents an assignment in conjunction with their motion for fees. While it can be argued that *Ratliff* does not invalidate this practice, it is increasingly clear to the undersigned that there is little prudential reason for the court to place itself in the position of interpreting and enforcing an attorney's contract with his or her client, where the contract itself is not related to the litigation over which the Court has presided and the client is not traditionally afforded an opportunity to be heard on the enforcability of that portion of the contract. Moreover, the Court is not in a position to assess whether an EAJA claimant owes a debt to the United States for purposes of the offset provisions of 31 U.S.C. § 3716. Rather, the Court must rely on the assertions of the parties as to this issue when directing payment of an award of EAJA fees. For these reasons, the undersigned no longer considers it prudent for the Court to instruct that an award of EAJA fees be made payable to the counsel of the plaintiff.[2] Defendant is in a better position to determine whether Plaintiff owes any offsetting debt to the United States and, outside of that aspect of the inquiry, it is simply a matter of contract between the attorney and his or her client. Accordingly, it is

ORDERED that the Motion for attorney fees (Doc. #21) is GRANTED. Attorney fees and expenses in the amount of $5,313.07 [3] and costs in the amount of $350.00 shall be made payable to Plaintiff, subject to any offset which may be applicable under 31 U.S.C. § 3716.

---

[2] Other courts in this Circuit have recently reached the same conclusion. *See, e.g., Preston v. Astrue,* 2010 WL 3522156 at *2 (M.D. Fla. Sept. 8, 2010).

[3] Plaintiff's motion requested an award in the amount of $4,787.89. In his reply to Defendant's Response, Plaintiff requested payment for an additional three hours spent preparing the reply brief, equaling $525.18, and $350.00 reimbursement of costs for the filing fee, for a total award request of $5,663.07.

Done this 17th day of February, 2011.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE